UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CATHERINE TALBERT,

        Plaintiff,                      Case No. 04-40271

vs.

                                      HONORABLE PAUL V. GADOLA
                                      HONORABLE STEVEN D. PEPE

MGM GRAND DETROIT LLC, dba
MGM GRAND DETROIT CASINO,
a Delaware LLC, et al

        Defendants.
_____/

**MEMORANDUM AND ORDER FOLLOWING SEPTEMBER 28, 2005, HEARING**

Plaintiff filed her Motion for Leave To File Second Amended Complaint on August 8, 2005 (Dkt. #17) which was referred to the undersigned for a hearing and determination pursuant to 28 U.S.C. 636 (b)(1)(A). Following a review of the parties' briefs and a telephonic hearing, it was determined that Plaintiff's proposed Second Amended Complaint failed to state a claim for racial discrimination pursuant to 42 U.S.C. § 1981 against her former employer, and failed to pled the same with sufficient particularity against the union defendants and her former employer. Plaintiff requested and will be granted an opportunity to cure the defect(s) by submitting another proposed second amended complaint.

The Defendants' arguments were also addressed and are being taking under advisement, those being whether: (a) a §1981 plaintiff is required to exhaust their contractual administrative remedies before seeking a judicial forum for alleged racial discrimination and (b) whether the National Labor Relations Act (NLRA) precludes one from bringing a race discrimination action under § 1981 when they are subject to a collective bargaining agreement (CBA).

In connection with these arguments the undersigned is considering, among other cases and facts, the following:

(a) *Wright v. Universal Maritime Service Corp.*, 525 U.S. 70 (1998)(not reaching the question of whether union could waive an employee's right to judicial forum for statutory antidiscrimination claims, but holding that in order to be enforceable such a waiver would have to be "clear and unmistakable" as to the specific statute at issue (ADA).

(b) *Waters v. Wisconsin Steel Works of Intern. Harvester Co.,* 502 F.2d 1309, 1316 (7th Cir., 1974) *cert. denied*, 425 U.S. 997 (1976)(party may proceed against the union under § 1981 without first exhausting contractual remedies under the collective bargaining agreement).

(c) Cases holding that contractual remedies are separate from civil statutory remedies (Title VII)- *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (no inconsistency results from permitting both rights to be enforced in their respectively appropriate forums); *Rios v. Reynolds Metal Co.*, 467 F.2d 54, 57 (5th Cir. 1972); *Bowe v. Colgate-Palmolive Co.*, 416 F.2d 711 (7th Cir. 1969).

(d) *Penny v. United Parcel Serv.*, 128 F.3d 408 (6th Cir.1997)(employees covered by CBAs containing mandatory arbitration clauses retain the right to pursue statutory employment discrimination claims in federal court)

(e) The UAW/MGM Grand CBA's Dispute Resolution procedure is comprised of three steps. Plaintiff availed herself of Steps I, II. Only the Union can proceed to Step III when the grievance relates to discharge, as it does in this matter. If a grievance is not resolved by resorting to Steps I-III, then the Union or MGM Grand may voluntarily elect to submit the matter to arbitration, which both parties declined to do in this instance. There is no language in the CBA

which makes arbitration mandatory and, in fact, Plaintiff could not have elected to submit the matter to arbitration herself had she wished to do so. Therefore, as against MGM Grand, it appears that Plaintiff has exhausted the administrative remedies available to her under the CBA at issue to the extent she was able.

   (f) The Constitution of the International Union requires all its members to "exhaust fully the ...remedy and all appeals under this Constitution and the rules of this Union before going to a civil court or governmental agency for redress." This language will likely bar Plaintiff's § 301 claims absent a defense for failure to exhaust. Yet, in her § 1981 claim Plaintiff is apparently not appealing the Union's failure or refusal to take her discharge to arbitration, she argues that she is bringing a statutory claim for racially discriminatory conduct. This argument could save Plaintiff's complaint, *if properly pled with factually supportive allegations*, since the Union's Constitution does not appear to specifically state that Union members have waived their right to seek a judicial forum for redress of civil rights violations. *Wright*, *supra*.[1]

---

[1] This issue involving *Wright* was apparently not raised before this Court and thus not addressed in *Burton v. Plastic Research Corp.,* 134 F.Supp.2d 881 (E.D. Mich. 2001).

Therefore, IT IS ORDERED that:

1.  Plaintiff may submit a new proposed second amended complaint for consideration on or before October 12, 2005. To the extent such is necessary in order to apprise the undersigned of new arguments based on this new pleading, the Defendants may submit a supplemental brief within seven days of service.

2.  The parties may submit supplemental briefs on or before October 5, 2005, on the issues of whether a § 1981 plaintiff must exhaust his or her contractual administrative remedies before seeking a judicial forum and whether the NLRA "preempts" § 1981 where the partes have a CBA. The undersigned asks that supplemental briefs only be submitted for the purpose of providing information not contained in the previously submitted briefs.

SO ORDERED.

Dated: October 3, 2005                          s/Steven D. Pepe
Ann Arbor, Michigan                             United States Magistrate Judge

Certificate of Service

I hereby certify that copies of this Order were served upon the attorneys of record by electronic means or U. S. Mail on October 03, 2005.

s/William J. Barkholz
Courtroom Deputy Clerk